MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Blvd. 6th Floor
Beverly Hills, CA 90212-2929
Telephone: (310) 271-6223
Facsimile: (310) 271-9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

*Proposed* Counsel for Debtor and Debtor-in-Possession,
Liberty Behavioral & Community Services Inc.

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Liberty Behavioral & Community Services Inc.,<br><br>Debtor and Debtor-in-Possession. | CASE NO.: 2:26-bk-20739-BR<br><br>Chapter 11<br><br>**DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LADALE JACKSON IN SUPPORT THEREOF**<br><br>Date: TBD<br>Time: TBD<br>Ctrm: 1668<br>Place: 255 E. Temple Street<br>Los Angeles, CA 90012<br><br>[LBR 2081-1 and LBR 9075]<br>[*Filed concurrently with Application for Order Shortening Time*] |

**TO THE HONORABLE BARRY RUSSELL, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, TO THE UNITED STATES TRUSTEE, SECURED**

**CREDITORS, 20 LARGEST UNSECURED CREDITORS, AND TO ALL INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that Liberty Behavioral & Community Services Inc. (the "Debtor"), Debtor and Debtor-in-Possession herein, will and hereby does move the Court, *on an emergency and expedited basis pursuant to Local Bankruptcy Rules 4001-2 and 9075-1*, for an order authorizing the Debtor to use the cash collateral of its secured creditors in accordance with that certain budget (the "**Budget**") attached to the Declaration of Ladale Jackson in support hereof as **Exhibit 1**.

The Debtor provides compassionate, high-quality therapy services for children and adults with intellectual and developmental disabilities, autism spectrum disorder, and behavioral health needs. The Debtor provides individual therapy as well as group-home environments to its clients. To continue operating and to effectively reorganize, the Debtor must be able to use the cash collateral of its secured creditors to pay the ordinary and necessary expenses of the business as set forth in the Budget, including, without limitation, payroll, taxes, facility maintenance, rents, utilities, insurance, and software expenses. The Debtor must have immediate access to and use of its cash to avoid immediate and irreparable harm to its business, going-concern value, the bankruptcy estate, its therapy clients and residents, and its creditors. The proposed use of cash collateral will allow the Debtor to continue operating, thereby preserving the Debtor's assets for the benefit of the estate and all creditors, including the secured creditors. The Debtor has a reasonable prospect of reorganizing through Chapter 11, and uninterrupted operations are essential to that goal.

This Motion is made pursuant to 11 U.S.C. § 363, Rule 4001 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rules 4001-2 and 9075-1. As set forth in the Memorandum of Points and Authorities and the accompanying Declaration of Ladale Jackson

("Jackson Declaration") good and sufficient cause exists to grant the requested use of cash collateral.

**PLEASE TAKE FURTHER NOTICE** that the Debtor seeks emergency consideration of this Motion, pursuant to Local Bankruptcy Rules 4001-2 and 9075-1. As set forth in the Memorandum of Points and Authorities and the Jackson Declaration, emergency relief is required because the Debtor operates therapy and residential care facilities that cannot continue in operation without the immediate use of cash collateral to fund payroll, taxes, facility maintenance, rents, utilities, insurance, and software expenses, and any interruption would cause immediate and irreparable harm to the Debtor's business, the going-concern value of the estate, the Debtor's its therapy clients and residents, and its creditors, including the secured creditors. Debtor's next payroll is due on October 30, 2026, and in order to pay its employees for work performed pre-petition, Debtor requires emergency relief.

**WHEREFORE**, the Debtor respectfully requests that this Court enter interim and final orders: (1) granting this Motion; (2) authorizing the Debtor's use of cash collateral (initially on an interim basis and thereafter on a final basis) through the period covered by the Budget, pursuant to the Budget; (3) granting the secured creditors replacement liens as adequate protection as set forth herein; (4) waiving any applicable stay under Rules 6003 and 6004 (and any other applicable stay) and providing that any order entered be effective immediately; and (6) setting a final hearing and granting such other and further relief as the Court deems just and proper.

DATED: 10/27/2026

LAW OFFICES OF MICHAEL JAY BERGER

By: /s/Michael Jay Berger
Michael Jay Berger
Sofya Davtyan
*Proposed* Counsel for Debtor-in-Possession
Liberty Behavioral & Community Services, Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

A. General Description of the Debtor

On October 23, 2026 (the "Petition Date") Liberty Behavioral & Community Services Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This is the Debtor's first bankruptcy filing. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. § 1184.

The Debtor operates eleven facilities, at which Debtor provides compassionate, high-quality therapy services for children and adults with intellectual and developmental disabilities, autism spectrum disorder, and behavioral health needs. The Debtor provides individual therapy as well as group-home environments to its clients. Debtor employs approximately 45 non-insider staff members. Debtor's insiders are its principal Ladale Jackson, COO Fredericka Ford, and Mr. Jackson's daughter Kendall Jackson. Only Ms. Jackson is on the Debtor's payroll. The other two insiders are paid separately.

B. Events Leading to the Chapter 11 Filing

The primary event leading to the Debtor's bankruptcy was a hold on the Debtor's receivables, issued by UCC secured lienholders who had provided Debtor with merchant cash advance ("MCA") loans. Since June, 2026, Debtor's receivables have been partially or fully withheld by Frank D. Lanterman Regional Center ("FDLRC") and other regional centers, due to demands from the secured creditors. Regional centers are private non-profit agencies that purchase services from Debtor, by distributing funds from the California Department of Developmental Services ("DDS"). Regional centers are the source of Debtor's receivables, with the majority coming from FDLRC.

C. Assets and Liabilities

The Debtor does not own or have an interest in real estate. The personal property assets of the Debtor include the funds in the bank accounts on the petition date, accounts

receivable (in the estimated amount of $1,083,447.00), office furniture, ABA equipment, computers and software, leased Xerox printers, and leased vehicles, for an estimated total value of $1,243,498.33. A true and correct copy of Debtor's Schedule A/B is attached to the Jackson Declaration as **Exhibit 2**.

D. The Secured Creditors and Cash Collateral

The Debtor's cash, deposit accounts, accounts receivable, and income received from Medicare constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a) to the extent of any valid, perfected, and unavoidable security interest therein.

The Debtor searched the California Secretary of California Secretary of State's UCC records for liens against the Debtor's assets. The creditors that have recorded liens (in the following order) with the CA Secretary of State (collectively referred to as the "Secured Creditors")[1] are:

1. Samson MCA LLC, UCC no. U250126482738, dated April 15, 2025, for an estimated claim of $900,000.00.
2. Square Funding, UCC no. U260022281121, dated March 30, 2026, for an estimated claim of $1,200,000.00.
3. NewCo Captial Group LLC, UCC no. U260027849940, dated April 17, 2026, for an estimated claim of $450,000.00.
4. Parkside Funding Group LLC, UCC no. U260035853130, dated May 14, 2026 (renewal UCC no. U260062005612 dated August 11, 2026), for an estimated claim of $225,000.00.
5. Marlin Leasing Corp., UCC no. U260058191123, dated July 30, 2026 (within the 90-day preference period), for an unknown claim amount. The Marlin Leasing Corp.

[1] Debtor has additional secured creditors that are not listed here, however those creditors' claims are secured by vehicles leased by the Debtor, and so those creditors do not assert an interest in the Debtor's Cash Collateral.

claim is secured by the Debtor's Xerox printers, and so this creditor does not have an interest in the Debtor's cash collateral.

A true and correct copy of Debtor's Schedule D is attached to the Jackson Declaration as **Exhibit 3**. A true and correct copy of the UCC search conducted for the Debtor on October 14, 2026 is attached to the Jackson Declaration as **Exhibit 4**.

E. Insiders of the Debtor

Debtor's insiders are its principal Ladale Jackson, COO Fredericka Ford, and Mr. Jackson's daughter Kendall Jackson. The Debtor understands that any payment to insider employees must first comply with the Bankruptcy Code, LBR 2014-1 and the U.S. Trustee Guidelines.

F. Proposed Use of Cash Collateral

As of the date of this Motion, the Debtor has $1,076.00 in accounts. Once the hold is lifted on Debtor's receivables, due to the automatic stay in bankruptcy, Debtor anticipates collecting approximately $1,006,000.00 in receivables by October 30, 2026. If the Debtor's ability to use cash collateral were interrupted—even briefly—the Debtor would be unable to pay the necessary business expenses set forth in the Budget, including payroll, taxes, facility maintenance, rents, utilities, insurance, and software expenses. The Debtor's therapy facilities would be forced to cease operations, residents would have to locate, and the going-concern value of the business would be destroyed, to the substantial detriment of the estate and all creditors, including the Secured Creditors.

## II. ADEQUATE PROTECTION

The interests of the Secured Creditors in cash collateral are adequately protected. First, the Secured Creditors are protected by the continued operation of the Debtor's business and the generation of additional revenue. Courts routinely recognize that a debtor's use of cash collateral to preserve—and potentially increase—the value of a secured creditor's collateral can itself constitute adequate protection, such that a debtor need not necessarily make separate adequate protection payments. *See, e.g., In re*

*McCombs Props. VI, Ltd.*, 88 B.R. 261, 267 (Bankr. C.D. Cal. 1988); *In re Certified Corp.*, 51 B.R. 154, 156 (Bankr. D. Haw. 1985).

Second, as additional adequate protection, the Debtor offers the Secured Creditors replacement liens. During the term of the Budget, each Secured Creditor will be granted a replacement lien, to the extent of any diminution in value of its collateral resulting from the Debtor's post-petition use of cash collateral, in the Debtor's post-petition assets of the same type as its pre-petition collateral (but excluding any claims or recoveries under Chapter 5 of the Bankruptcy Code), with the same validity, priority, and extent as such creditor's valid pre-petition lien (the "**Replacement Liens**")[2]. The Replacement Liens are limited to the amount, if any, by which the cash collateral diminishes post-petition as a result of the Debtor's use, and are in addition to the Secured Creditors' pre-petition security interests.

The grant of the Replacement Liens is without prejudice to the Debtor's right to seek to use cash collateral subject to such Replacement Liens or to surcharge collateral under 11 U.S.C. § 506(c), and without prejudice to the application of 11 U.S.C. § 552(b), including the "equities of the case" exception. The Secured Creditors are not automatically entitled to liens on the Debtor's post-petition assets except as expressly provided herein.

<u>The Interests of Samson MCA LLC Are Adequately Protected</u>

Based on the records available to the Debtor as of the date of this Motion, Samson MCA LLC ("Samson") holds the senior (first-priority) recorded lien against substantially all of the Debtor's personal property. The believes the amount due to Samson is approximately $900,000.00.[3] As adequate protection, Samson will be protected by the continued operation of the Debtor's business, the Replacement Liens, and, to the extent

---

[2]The Debtor expressly reserves all rights to challenge the validity, amount, extent, priority, and avoidability of the asserted secured claims of all Secured Creditors.

[3] Since offering the Debtor a loan in April, 2025, Samson has debited approximately $50,000.00 per month from Debtor's accounts, and in July, 2026, took approximately $383,000.00 of Debtor's receivables.

set forth in the Budget, monthly adequate protection payments to Samson in the amount of $5,000.00.Given the Debtor's continuing revenue, the Replacement Liens, and the preservation of the going-concern value of the therapy facilities, Samson and the other Secured Creditors are adequately protected.

The Debtor will make no expenditure of cash collateral except as authorized by the Court, and no expenditure will be made in excess of any line item without the prior written consent of the affected Secured Creditor(s), unless such expenditure is required by an emergency, in which case the Debtor will notify the affected Secured Creditor(s) promptly.

## III. DISCUSSION

### A. The Court Should Authorize the Debtor's Interim Use of Cash Collateral.

A debtor in possession is generally permitted to use property of the estate in the ordinary course of business without notice or a hearing. 11 U.S.C. § 363(c)(1). Use of cash collateral, however, is an exception to this general rule. Section 363(c)(2) provides that the debtor in possession may not use cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2).

Courts have consistently held that it is appropriate for a Chapter 11 debtor to use a secured creditor's cash collateral for a reasonable period to maintain and operate its business. *See MBank Dallas, N.A. v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1397 (10th Cir. 1987). Where, as here, the debtor is operating a business, the use of cash collateral is especially important to facilitate the goal of reorganization: "the purpose of Chapter 11 is to rehabilitate debtors and generally access to cash collateral is necessary in order to operate a business." *In re Dynaco Corp.*, 162 B.R. 389, 394 (Bankr. D.N.H. 1993) (quoting *In re Stein*, 19 B.R. 458, 459 (Bankr. E.D. Pa. 1982)).

As set forth above, if the Debtor's access to cash collateral is interrupted even briefly, the consequences would be severe: the Debtor would be unable to operate,

employees and customers would be lost, and the going-concern value of the business would be eliminated. It is therefore in the overwhelming best interests of the estate and its creditors that the Debtor be authorized to use cash collateral to continue operating and to maintain its business.

B. The Secured Creditors Are Adequately Protected.

The Court may authorize the use of cash collateral where the secured creditor is adequately protected. *Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 (9th Cir. 1984); *see also O'Connor*, 808 F.2d at 1398; *McCombs*, 88 B.R. at 265. A secured creditor is entitled to protection against a decrease in the value of its interest in its collateral. *See United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs., Ltd.*, 484 U.S. 365, 370–71 (1988); 11 U.S.C. § 506(a) (limiting a creditor's secured status to the lesser of the allowed claim or the value of the collateral). As a general rule, a debtor may use cash collateral where such use will enhance or preserve the value of the collateral. *In re Stein*, 19 B.R. at 460; *McCombs*, 88 B.R. at 267. Here, the Debtor's use of cash collateral to continue operating its therapy facilities preserves the value of the Secured Creditors' collateral, and the Replacement Liens and continued operations provide adequate protection.

C. In Determining Adequate Protection, the Court Should Promote Reorganization.

In determining adequate protection, courts have stressed the importance of promoting a debtor's reorganization. As the Tenth Circuit observed in *O'Connor*, a debtor's efforts to use cash collateral to enhance the prospects of reorganization "are not only to be encouraged, but also their efforts during the administration of the proceeding are to be measured in light of that quest," because "the ultimate benefit to be achieved by a successful reorganization inures to all the creditors of the estate." 808 F.2d at 1398. Granting the requested relief will preserve the business for the benefit of the estate and all

creditors, including the Secured Creditors, and a successful reorganization depends upon the Debtor's use of cash collateral as proposed herein.

D. The Debtor Requires Authority to Use Cash Collateral on an Emergency, Interim Basis.

**Emergency, interim relief is warranted.** Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure permits the Court to authorize the use of cash collateral on an interim basis, pending a final hearing, to the extent necessary to avoid immediate and irreparable harm to the estate. The Debtor operates a restaurant that cannot continue in operation for even a brief period without the immediate use of its cash and operating receipts. Absent authority to use cash collateral, the Debtor will be unable to fund payroll, taxes, facility maintenance, rents, utilities, insurance, and software expenses; the therapy facilities would be forced to close, its residents would have to relocate, its employees would be lost, and the going-concern value of the business would be destroyed, causing immediate and irreparable harm to the estate and all creditors.

For these reasons, and as further described in the attached Jackson Declaration, good cause exists to hear this Motion on an emergency basis pursuant to Local Bankruptcy Rules 4001-2 and 9075-1, and to authorize the interim use of cash collateral under Rule 4001(b)(2) and Rule 6003 pending a final hearing. The Debtor requests that the Court set a final hearing on the Motion in accordance with Rule 4001(b)(2).

## IV. CONCLUSION

Based upon the foregoing, the Debtor respectfully requests that the Court enter an interim order authorizing the Debtor's use of cash collateral on the terms and conditions described in this Motion and the exhibits hereto, setting a final hearing, granting the Replacement Liens as adequate protection, and granting such other and further relief as is just and proper under the circumstances.

///

///

DATED: 10/27/2026

LAW OFFICES OF MICHAEL JAY BERGER

By: /s/Michael Jay Berger
Michael Jay Berger
Sofya Davtyan
*Proposed* Counsel for Debtor-in-Possession
Liberty Behavioral & Community Services, Inc.

**DECLARATION OF LADALE JACKSON**

I, Ladale Jackson, declare and state as follows:

1. I am the CEO of Liberty Behavioral & Community Services, Inc., the Debtor and Debtor-in-Possession herein (the "Debtor"). I am over the age of 18. I have personal knowledge of the facts I state below, and if I were to be called as a witness, I could and would competently testify about what I have written in this declaration.

2. Debtor seeks an order authorizing the Debtor to use the cash collateral of its secured creditors in accordance with that certain budget (the "**Budget**") attached hereto as **Exhibit 1**.

3. On October 23, 2026 (the "Petition Date") Liberty Behavioral & Community Services Inc. (the "Debtor") filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). This is the Debtor's first bankruptcy filing. The Debtor continues to operate its business and manage its affairs as a debtor in possession pursuant to 11 U.S.C. § 1184.

4. The Debtor operates eleven facilities, at which Debtor provides compassionate, high-quality therapy services for children and adults with intellectual and developmental disabilities, autism spectrum disorder, and behavioral health needs. The Debtor provides individual therapy as well as group-home environments to its clients. Debtor employs approximately 45 non-insider staff members. Debtor's insiders are myself, COO Fredericka Ford, and my daughter Kendall Jackson. Only Ms. Jackson is on the Debtor's payroll. The other two insiders are paid separately.

5. The primary event leading to the Debtor's bankruptcy was a hold on the Debtor's receivables, issued by UCC secured lienholders who had provided Debtor with merchant cash advance ("MCA") loans. Since June, 2026, Debtor's receivables have been partially or fully withheld by Frank D. Lanterman Regional Center ("FDLRC") and other regional centers, due to demands from the secured creditors. Regional centers are private non-profit agencies that purchase services from Debtor, by distributing funds

from the California Department of Developmental Services ("DDS"). Regional centers are the source of Debtor's receivables, with the majority coming from FDLRC.

6. The Debtor does not own or have an interest in real estate. The personal property assets of the Debtor include the funds in the bank accounts on the petition date, accounts receivable (in the estimated amount of $1,083,447.00), office furniture, ABA equipment, computers and software, leased Xerox printers, and leased vehicles, for an estimated total value of $1,243,498.33. A true and correct copy of Debtor's Schedule A/B is attached hereto as **Exhibit 2**.

7. The Debtor's cash, deposit accounts, accounts receivable, and income received from Medicare constitute "cash collateral" within the meaning of 11 U.S.C. § 363(a) to the extent of any valid, perfected, and unavoidable security interest therein.

8. The Debtor searched the California Secretary of California Secretary of State's UCC records for liens against the Debtor's assets. The creditors that have recorded liens (in the following order) with the CA Secretary of State (collectively referred to as the "Secured Creditors")[4] are:

a. Samson MCA LLC, UCC no. U250126482738, dated April 15, 2025, for an estimated claim of $900,000.00.

b. Square Funding, UCC no. U260022281121, dated March 30, 2026, for an estimated claim of $1,200,000.00.

c. NewCo Captial Group LLC, UCC no. U260027849940, dated April 17, 2026, for an estimated claim of $450,000.00.

d. Parkside Funding Group LLC, UCC no. U260035853130, dated May 14, 2026 (renewal UCC no. U260062005612 dated August 11, 2026), for an estimated claim of $225,000.00.

---

[4] Debtor has additional secured creditors that are not listed here, however those creditors' claims are secured by vehicles leased by the Debtor, and so those creditors do not assert an interest in the Debtor's Cash Collateral.

e. Marlin Leasing Corp., UCC no. U260058191123, dated July 30, 2026 (within the 90-day preference period), for an unknown claim amount. The Marlin Leasing Corp. claim is secured by the Debtor's Xerox printers, and so this creditor does not have an interest in the Debtor's cash collateral.

9. A true and correct copy of Debtor's Schedule D is attached hereto as **Exhibit 3**. A true and correct copy of the UCC search conducted for the Debtor on October 14, 2026 is attached hereto as **Exhibit 4**.

10. Debtor's insiders are myself, COO Fredericka Ford, and my daughter Kendall Jackson. The Debtor understands that any payment to insider employees must first comply with the Bankruptcy Code, LBR 2014-1 and the U.S. Trustee Guidelines.

11. As of the date of this Motion, the Debtor has $1,076.00 in accounts. Once the hold is lifted on Debtor's receivables, due to the automatic stay in bankruptcy, Debtor anticipates collecting approximately $1,006,000.00 in receivables by October 30, 2026. If the Debtor's ability to use cash collateral were interrupted—even briefly—the Debtor would be unable to pay the necessary business expenses set forth in the Budget, including payroll, taxes, facility maintenance, rents, utilities, insurance, and software expenses. The Debtor's therapy facilities would be forced to cease operations, residents would have to locate, and the going-concern value of the business would be destroyed, to the substantial detriment of the estate and all creditors, including the Secured Creditors.

12. The interests of the Secured Creditors in cash collateral are adequately protected. First, the Secured Creditors are protected by the continued operation of the Debtor's business and the generation of additional revenue. Courts routinely recognize that a debtor's use of cash collateral to preserve—and potentially increase—the value of a secured creditor's collateral can itself constitute adequate protection, such that a debtor need not necessarily make separate adequate protection payments. *See, e.g., In re McCombs Props. VI, Ltd.*, 88 B.R. 261, 267 (Bankr. C.D. Cal. 1988); *In re Certified Corp.*, 51 B.R. 154, 156 (Bankr. D. Haw. 1985).

13. Second, as additional adequate protection, the Debtor offers the Secured Creditors replacement liens. During the term of the Budget, each Secured Creditor will be granted a replacement lien, to the extent of any diminution in value of its collateral resulting from the Debtor's post-petition use of cash collateral, in the Debtor's post-petition assets of the same type as its pre-petition collateral (but excluding any claims or recoveries under Chapter 5 of the Bankruptcy Code), with the same validity, priority, and extent as such creditor's valid pre-petition lien (the "**Replacement Liens**")[5]. The Replacement Liens are limited to the amount, if any, by which the cash collateral diminishes post-petition as a result of the Debtor's use, and are in addition to the Secured Creditors' pre-petition security interests.

14. The grant of the Replacement Liens is without prejudice to the Debtor's right to seek to use cash collateral subject to such Replacement Liens or to surcharge collateral under 11 U.S.C. § 506(c), and without prejudice to the application of 11 U.S.C. § 552(b), including the "equities of the case" exception. The Secured Creditors are not automatically entitled to liens on the Debtor's post-petition assets except as expressly provided herein.

15. Based on the records available to the Debtor as of the date of this Motion, Samson MCA LLC ("Samson") holds the senior (first-priority) recorded lien against substantially all of the Debtor's personal property. The believes the amount due to Samson is approximately $900,000.00.[6] As adequate protection, Samson will be protected by the continued operation of the Debtor's business, the Replacement Liens, and, to the extent set forth in the Budget, monthly adequate protection payments to Samson in the amount of $5,000.00.Given the Debtor's continuing revenue, the

---

[5]The Debtor expressly reserves all rights to challenge the validity, amount, extent, priority, and avoidability of the asserted secured claims of all Secured Creditors.

[6] Since offering the Debtor a loan in April, 2025, Samson has debited approximately $50,000.00 per month from Debtor's accounts, and in July, 2026, took approximately $383,000.00 of Debtor's receivables.

Replacement Liens, and the preservation of the going-concern value of the therapy facilities, Samson and the other Secured Creditors are adequately protected.

16. The Debtor will make no expenditure of cash collateral except as authorized by the Court, and no expenditure will be made in excess of any line item without the prior written consent of the affected Secured Creditor(s), unless such expenditure is required by an emergency, in which case the Debtor will notify the affected Secured Creditor(s) promptly.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is executed on October 27, 2026 at Los Angeles, California.

Ladale Jackson

# EXHIBIT 1

LIBERTY BEHAVIORAL | 13-WEEK CASH BUDGET

| Line item | 10/26 - 11/01 | 11/02 - 11/08 | 11/09 - 11/15 | 11/16 - 11/22 | 11/23 - 11/29 | 11/30 - 12/06 | 12/07 - 12/13 |
|---|---|---|---|---|---|---|---|
| Opening cash | 1,076.00 | 643,455.68 | 643,951.34 | 709,126.00 | 1,150,571.74 | 956,469.40 | 906,967.06 |
| PROGRAM COLLECTIONS* | | | | | | | |
| Orange (deposits on the 15th) | 45,590.30 | | 29,758.38 | | | | 39,677.84 |
| Westside (deposits on the 10th) | 113,213.82 | | 90,322.35 | | | | 120,429.80 |
| Lanterman (deposits on the 11th) | 357,446.12 | | 272,381.13 | | | | 363,174.84 |
| Harbor (deposits on the 10th) | 7,302.30 | | 8,094.63 | | | | 10,792.84 |
| Community (deposits on the 10th) | 14,741.63 | | 21,121.74 | | | | |
| North LA (deposits on the 19th) | 231,069.26 | | | 418,415.28 | | | |
| North LA Clinical (deposits on the 19th) | 13,300.76 | | | 22,534.80 | | | 30,046.40 |
| Alta Sacramento (deposits on the 15th) | | | 59,882.55 | | | | |
| Alta Lake Tahoe (deposits on the 15th) | | | 7,371.30 | | | | |
| East LA (deposits on the 15th) | | | 939.12 | | | | |
| Retro Billing (North LA) | 222,955.83 | | | | | | |
| Pediatrics (weekly deposits) | 995.66 | 995.66 | 995.66 | 995.66 | 995.66 | 995.66 | 995.66 |
| **Total program collections** | 1,006,615.68 | 995.66 | 490,866.86 | 441,945.74 | 995.66 | 995.66 | 565,117.38 |
| OPERATING DISBURSEMENTS | | | | | | | |
| Salary expenses Bi-weekly (week 1 includes prepetition back pay subject to approval of Payroll Motion) | 278,440.00 | | 159,300.00 | | 159,300.00 | | 159,300.00 |
| Insider Compensation Ladale Jackson, c/o LBJ Holdings LLC monthly (Subject to requirements of LBR 2014-1) | | | 66,660.00 | | | | 66,660.00 |

| Line item | 10/26 - 11/01 | 11/02 - 11/08 | 11/09 - 11/15 | 11/16 - 11/22 | 11/23 - 11/29 | 11/30 - 12/06 | 12/07 - 12/13 |
|---|---|---|---|---|---|---|---|
| Insider Compensation Fredericka Ford, c/o Academy Behavioral Health of CA, Inc. monthly (Subject to requirements of LBR 2014-1) | | | 25,000.00 | | | | 25,000.00 |
| Insider Compensation Kendall Jackson biweekly salary (Subject to requirements of LBR 2014-1) | 6,500.00 | | 6,500.00 | | 6,500.00 | | 6,500.00 |
| Payroll Taxes (Includes Payroll Taxes for Insiders) | 28,798.00 | | 28,798.00 | | 28,798.00 | | 28,798.00 |
| 1099 Contractors + Services (Cleaners, Social Media, Gardner, HVAC Maintanence, Pest Control) | | | 2,500.00 | | | | |
| Supplies (office and operating) | | | 1,200.00 | | | | 1,200.00 |
| Repairs and maintenance fund (includes HVAC replacement Fund $25k in the next 2-3 years) | | | 400.00 | | | | 400.00 |
| Advertising and Marketing | | | 2,500.00 | | | | 2,500.00 |
| Software and Subscriptions | | | 22,400.00 | | | | 22,400.00 |
| Bookkeeping | | | 1,000.00 | | | | 1,000.00 |
| Rent (5601 W. Slauson) monthly** | | | 14,110.20 | | | | 14,110.20 |
| Rent (301 N Canon) monthly** | | | 12,606.00 | | | | 12,606.00 |
| Utilities (incl Phone + Internet) | | | 8,320.00 | | | | 8,320.00 |
| Insurance Liability + Workers Comp | | | 22,400.00 | | | | 22,400.00 |
| Equipment Lease | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Mercedes G-Wagon auto loan*** | 1,500.00 | | | | | 1,500.00 | |
| Rolls-Royce Cullinan auto loan*** | 2,000.00 | | | | | 2,000.00 | |
| Total operating cash disbursements | 317,738.00 | 500.00 | 374,194.20 | 500.00 | 195,098.00 | 4,000.00 | 371,694.20 |
| Other cash items / restructuring | | | | | | | |
| Federal income taxes | 10,920.00 | | 10,920.00 | | | 10,920.00 | |
| State income taxes | 33,178.00 | | 33,178.00 | | | 33,178.00 | |
| Local income taxes | 2,400.00 | | 2,400.00 | | | 2,400.00 | |

| Line item | 10/26 - 11/01 | 11/02 - 11/08 | 11/09 - 11/15 | 11/16 - 11/22 | 11/23 - 11/29 | 11/30 - 12/06 | 12/07 - 12/13 |
|---|---|---|---|---|---|---|---|
| Samson MCA LLC - Adequate Protection Payments | | | 5,000.00 | | | | |
| Quarterly Payments to Office of the U.S. Trustee (estimated) | | | | | | | |
| Law Offices of Michael Jay Berger (estimated legal fees, subject to Court approval) | | | | | | | |
| Total other disbursements | 46,498.00 | - | 51,498.00 | - | - | 46,498.00 | - |
| TOTAL CASH DISBURSEMENTS | 364,236.00 | 500.00 | 425,692.20 | 500.00 | 195,098.00 | 50,498.00 | 371,694.20 |
| NET WEEKLY CASH FLOW | 642,379.68 | 495.66 | 65,174.66 | 441,445.74 | (194,102.34) | (49,502.34) | 193,423.18 |
| CLOSING CASH BALANCE | 643,455.68 | 643,951.34 | 709,126.00 | 1,150,571.74 | 956,469.40 | 906,967.06 | 1,100,390.24 |

* The first week income figures reflect anticipated release of prior month's receivables due to the automatic stay in bankruptcy.

** Debtor historically has been operating from 11 locations, however Debtor intends to continue most of its operations remotely, and remain occupying and paying rent at the two locations listed here.

*** Monthly auto loan payments for the Mercedes are $2,730 and for the Rolls-Royce are $8,320. Debtor will pay the reduced monthly amounts shown above, and the remaining balance will be paid by Debtor's principal.

| Line item | 12/14 - 12/20 | 12/21 - 12/27 | 12/28 - 01/03 | 01/04 - 01/10 | 01/11 - 01/17 | 01/18 - 01/24 |
|---|---|---|---|---|---|---|
| Opening cash | 1,100,390.24 | 1,361,437.08 | 1,165,254.74 | 1,091,922.40 | 910,248.82 | 1,408,579.18 |
| PROGRAM COLLECTIONS* | | | | | | |
| Orange (deposits on the 15th) | | | | | 39,677.84 | |
| Westside (deposits on the 10th) | | | | 120,429.80 | | |
| Lanterman (deposits on the 11th) | | | | | 453,968.00 | |
| Harbor (deposits on the 10th) | | | | 10,792.84 | | |
| Community (deposits on the 10th) | 28,162.32 | | | 28,162.32 | | |
| North LA (deposits on the 19th) | **200,000.00** | | | | | 353,380.16 |
| North LA Clinical (deposits on the 19th) | | | | | | 30,046.40 |
| Alta Sacramento (deposits on the 15th) | 79,843.40 | | | | 79,843.40 | |
| Alta Lake Tahoe (deposits on the 15th) | 7,371.30 | | | | 7,371.30 | |
| East LA (deposits on the 15th) | 1,252.16 | | | | 1,252.16 | |
| Retro Billing (North LA) | | | | | | |
| Pediatrics (weekly deposits) | 995.66 | 995.66 | 995.66 | 995.66 | 995.66 | 995.66 |
| **Total program collections** | 317,624.84 | 995.66 | 995.66 | 160,380.62 | 583,108.36 | 384,422.22 |
| OPERATING DISBURSEMENTS | | | | | | |
| Salary expenses Bi-weekly (week 1 includes prepetition back pay subject to approval of Payroll Motion) | | 159,300.00 | | 159,300.00 | | 159,300.00 |
| Insider Compensation Ladale Jackson, c/o LBJ Holdings LLC monthly (Subject to requirements of LBR 2014-1) | | | | 66,660.00 | | |

| Line item | 12/14 - 12/20 | 12/21 - 12/27 | 12/28 - 01/03 | 01/04 - 01/10 | 01/11 - 01/17 | 01/18 - 01/24 |
|---|---|---|---|---|---|---|
| Insider Compensation Fredericka Ford, c/o Academy Behavioral Health of CA, Inc. monthly (Subject to requirements of LBR 2014-1) | | | | 25,000.00 | | |
| Insider Compensation Kendall Jackson biweekly salary (Subject to requirements of LBR 2014-1) | | 6,500.00 | | 6,500.00 | | |
| Payroll Taxes (Includes Payroll Taxes for Insiders) | | 28,798.00 | | 28,798.00 | | 28,798.00 |
| 1099 Contractors + Services (Cleaners, Social Media, Gardner, HVAC Maintanence, Pest Control) | 2,500.00 | | | | 2,500.00 | |
| Supplies (office and operating) | | | | 400.00 | | |
| Repairs and maintenance fund (includes HVAC replacement Fund $25k in the next 2-3 years) | | | | 200.00 | 200.00 | 200.00 |
| Advertising and Marketing | | | | 2,500.00 | | 2,500.00 |
| Software and Subscriptions | | | | | 22,400.00 | |
| Bookkeeping | | | | 1,000.00 | | |
| Rent (5601 W. Slauson) monthly** | | | | 14,110.20 | | |
| Rent (301 N Canon) monthly** | | | | 12,606.00 | | |
| Utilities (incl Phone + Internet) | 2,080.00 | 2,080.00 | 2,080.00 | 2,080.00 | 2,080.00 | 2,080.00 |
| Insurance Liability + Workers Comp | | | | 22,400.00 | 5,600.00 | 5,600.00 |
| Equipment Lease | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Mercedes G-Wagon auto loan*** | | | 1,500.00 | | | |
| Rolls-Royce Cullinan auto loan*** | | | 2,000.00 | | | |
| Total operating cash disbursements | 5,080.00 | 197,178.00 | 6,080.00 | 342,054.20 | 33,280.00 | 198,978.00 |
| Other cash items / restructuring | | | | | | |
| Federal income taxes | 10,920.00 | | 10,920.00 | | 10,920.00 | |
| State income taxes | 33,178.00 | | 33,178.00 | | 33,178.00 | |
| Local income taxes | 2,400.00 | | 2,400.00 | | 2,400.00 | |

| Line item | 12/14 - 12/20 | 12/21 - 12/27 | 12/28 - 01/03 | 01/04 - 01/10 | 01/11 - 01/17 | 01/18 - 01/24 |
|---|---|---|---|---|---|---|
| Samson MCA LLC - Adequate Protection Payments | 5,000.00 | | | | 5,000.00 | |
| Quarterly Payments to Office of the U.S. Trustee (estimated) | | | 21,750.00 | | | |
| Law Offices of Michael Jay Berger (estimated legal fees, subject to Court approval) | | | | | | 20,000.00 |
| Total other disbursements | 51,498.00 | - | 68,248.00 | - | 51,498.00 | 20,000.00 |
| TOTAL CASH DISBURSEMENTS | 56,578.00 | 197,178.00 | 74,328.00 | 342,054.20 | 84,778.00 | 218,978.00 |
| NET WEEKLY CASH FLOW | 261,046.84 | (196,182.34) | (73,332.34) | (181,673.58) | 498,330.36 | 165,444.22 |
| CLOSING CASH BALANCE | 1,361,437.08 | 1,165,254.74 | 1,091,922.40 | 910,248.82 | 1,408,579.18 | 1,574,023.40 |

# EXHIBIT 2

California
*Secretary of State*

Business UCC

Login

Home

Search

Forms

Help

# UCC Search

Print

*UCC Documents have been processed through: 10/12/2026*

***Disclaimer:*** *This tool allows you to search the California Secretary of State's Uniform Commercial Code database for abstracts of information for lien notices that have been filed with this office. The UCC Search is updated as documents are filed. The data provided is not a complete or certified record.*

Liberty Behavioral & Community

Advanced

1

Results: 6

| UCC Type | Debtor Information | File Number | Secured Party Info | Status | Filing Date | Lapse Date |
|---|---|---|---|---|---|---|
| UCC | LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC. - LOS ANGELES, CA | U260022281121 | C T CORPORATION SYSTEM, AS REPRESENTATIVE - GLENDALE, CA | Active | 03/30/2026 | 03/30/2031 |
| UCC | LIBERTY BEHAVIORAL & COMMUNITY, INC - CUCALVER CITY, CA | U250126482738 | C T CORPORATION SYSTEM, AS REPRESENTATIVE - GLENDALE, CA | Active | 04/15/2025 | 04/15/2030 |
| UCC | LIBERTY BEHAVIORAL & COMMUNITY, INC - CUCALVER CITY, CA | U250126596731 | C T CORPORATION SYSTEM, AS REPRESENTATIVE - GLENDALE, CA | Terminated | 04/15/2025 | 04/15/2030 |
| UCC | LIBERTY BEHAVIORAL AND COMMUNITY SERVICES - CULVER CITY, CA | U260027849940 | CHTD COMPANY - SPRINGFIELD, IL | Active | 04/17/2026 | 04/17/2031 |
| UCC | LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC. - CULVER CITY, CA | U260035853130 | C T CORPORATION SYSTEM, AS REPRESENTATIVE - GLENDALE, CA | Active | 05/14/2026 | 05/14/2031 |
| UCC | LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC - CULVER CITY, CA | U260058191123 | MARLIN LEASING CORP - MOUNT LAUREL, NJ | Active | 07/30/2026 | 07/30/2031 |

Business UCC

Home

Search

Forms

Help

U260022281121

B4546-2594 03/30/2026 6:49 AM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only
**-FILED-**
File No.: U260022281121
Date Filed: 3/30/2026

Submitter Information:

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC. | 5601 WEST SLAUSON AVENUE, STE 130<br>LOS ANGELES, CA 90056 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD<br>SUITE 700; ATTN: SPRS<br>GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
(A) All accounts, including without limitation, all deposit accounts, accounts receivable, and other receivables, as those terms are defined by Article 9 of the Uniform Commercial Code (the "UCC"), now or hereafter owned or acquired by LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC. and (b) all proceeds, as that term is defined by Article 9 of the UCC, of LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
108285815

U250126482738

B3606-3633 04/15/2025 8:17 AM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only
**-FILED-**
File No.: U250126482738
Date Filed: 4/15/2025

Submitter Information:

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| LIBERTY BEHAVIORAL & COMMUNITY, INC | 5601 S SLAUSON AVE STE 130<br>CUCALVER CITY, CA 90230 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD, SUITE 700; ATTN: SPRS<br>GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
COLLATERAL: This financing statement covers the following collateral: ALL DEBTOR'S PRESENT AND FUTURE ACCOUNTS AND THE DIRECT AND INDIRECT PROCEEDS THEREOF. NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN. THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTOUS INTERFERENCE WITH THE SECURED PARTY'S RIGHT BY SUCH ENCUMBRANCES IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
103767519

U260027849940

B4605-0535 04/17/2026 1:37 PM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only
**-FILED-**
File No.: U260027849940
Date Filed: 4/17/2026

Submitter Information:

| | |
|---|---|
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CORPORATION SERVICE COMPANY |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR<br>SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC. | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |
| LIBERTY BEHAVIORAL AND COMMUNITY SERVICES | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |
| LES SUPPORTED EMPLOYMENT SERVICES | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |
| LIBERTY BEHAVIORAL & COMMUNITY SERVICES - CULVER CITY | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |
| LIBERTY BEHAVIORAL & COMMUNITY | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |
| VITAFOODS AMERICA, LLC | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |
| LA DALE B JACKSON | 5601 W SLAUSON AVE SUITE 130<br>CULVER CITY, CA 90230 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| CHTD COMPANY | P.O. BOX 2576<br>SPRINGFIELD, IL 62708 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
COLLATERAL: All present and future assets of the Debtor

THE SECURED PARTY NAMED IN THIS RECORD IS ACTING IN A REPRESENTATIVE CAPACITY FOR PURPOSES OF FORWARDING NOTICES & INQUIRIES REGARDING THIS RECORD. FOR MORE INFORMATION, PLEASE CONTACT THE SECURED PARTY AT THE ADDRESS LISTED ABOVE OR AT UCCSPREP@CSCGLOBAL.COM.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

B4605-0536 04/17/2026 1:37 PM Received by California Secretary of State

Optional Filer Reference Information:
3426 59824

U260035853130

B4678-5484 05/14/2026 3:31 PM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only

**-FILED-**

File No.: U260035853130

Date Filed: 5/14/2026

Submitter Information:

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC. | 5601 W SLAUSON AVE<br>CULVER CITY, CA 90230 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| C T CORPORATION SYSTEM, AS REPRESENTATIVE | 330 N BRAND BLVD<br>GLENDALE, CA 91203 |

Indicate how documentation of Collateral is provided:

Entered as Text

Description:

Receivables- All personal property of every kind and nature, including, without limitation, all accounts, contract rights, rights to the payment of money, insurance claims and proceeds, chattel paper, electric chattel paper, documents, instruments, securities and other investment property, deposit accounts, supporting obligations of every nature, and general intangibles, including without limitation, customer lists, and all books and records related thereto, and all recorded data of any kind and any nature, regardless of the medium of recording; together with, to the extent not listed above as the original collateral, all substitutions and replacements for and products of any of the foregoing property, and together with proceeds of any and all of the foregoing property. NOTICE PURSUANT TO AN AGREEMENT BETWEEN DEBTOR AND SECURED PARTY, DEBTOR HAS AGREED NOT TO FURTHER ENCUMBER THE COLLATERAL DESCRIBED HEREIN. THE FURTHER ENCUMBERING OF WHICH MAY CONSTITUTE THE TORTIOUS INTERFERENCE WITH THE SECURED PARTY'S RIGHT BY SUCH ENCUMBRANCES IN THE EVENT THAT ANY ENTITY IS GRANTED A SECURITY INTEREST IN DEBTOR'S ACCOUNTS, CHATTEL PAPER OR GENERAL INTANGIBLES CONTRARY TO THE ABOVE, THE SECURED PARTY ASSERTS A CLAIM TO ANY PROCEEDS THEREOF RECEIVED BY SUCH ENTITY.

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:

Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:

108982755

U260058191123

B4880-4774 07/30/2026 6:43 AM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT (UCC 1)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only
**-FILED-**
File No.: U260058191123
Date Filed: 7/30/2026

Submitter Information:

| | |
|---|---|
| Contact Name | CORPORATION SERVICE COMPANY |
| Organization Name | CSC |
| Phone Number | 18008585294 |
| Email Address | SPRFiling@cscglobal.com |
| Address | 801 ADLAI STEVENSON DR<br>SPRINGFIELD, IL 62703 |

Debtor Information:

| Debtor Name | Mailing Address |
|---|---|
| LIBERTY BEHAVIORAL & COMMUNITY SERVICES, INC | 5601 W. SLAUSON, SUITE 130<br>CULVER CITY, CA 90230 |

Secured Party Information:

| Secured Party Name | Mailing Address |
|---|---|
| MARLIN LEASING CORP | 300 FELLOWSHIP RD<br>MOUNT LAUREL, NJ 08054 |

Indicate how documentation of Collateral is provided:
Entered as Text

Description:
(2) Xerox PrimeLink C9265 with Production Ready Booklet Maker w/ Hole Punch, C/Z Fold Unit Fiery EX-I, Wifi Kit, 1 Line Fax,
"AND ALL REPLACEMENTS, SUBSTITUTIONS, ACCESSIONS, ADD-ONS, AND ALL PROCEEDS AND ACCOUNTS OF THE DEBTOR ARISING OUT OF OR RELATED TO THE FOREGOING. THIS FINANCING STATEMENT RELATES TO AN EQUIPMENT LEASE BETWEEN THE DEBTOR (AS LESSEE) AND THE SECURED PARTY (AS LESSOR). THE LEASE IS A "TRUE LEASE", AND THIS FINANCING STATEMENT IS FILED TO GIVE NOTICE OF SECURED PARTY'S OWNERSHIP INTEREST IN THE COLLATERAL AND ALSO AS A PRECAUTIONARY MEASURE IN THE EVENT THE LEASE IS DETERMINED TO BE OTHER THAN A TRUE LEASE."

Indicate if Collateral is held in a Trust or is being administered by a Decedent's Personal Representative:
Not Applicable

Select an alternate Financing Statement type:

Select an additional alternate Financing Statement type:

Select an alternative Debtor/Secured Party designation for this Financing Statement:

Optional Filer Reference Information:
6240558

U260062005612

B4908-6702 08/11/2026 8:09 AM Received by California Secretary of State

**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**UCC FINANCING STATEMENT AMENDMENT (UCC 3)**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 657-5448

For Office Use Only
**-FILED-**
File No.: U260062005612
Date Filed: 8/11/2026

**Submitter Information:**

| | |
|---|---|
| Contact Name | WOLTERS KLUWER LIEN SOLUTIONS |
| Organization Name | LIEN SOLUTIONS |
| Phone Number | 800-331-3282 |
| Email Address | uccfilingreturn@wolterskluwer.com |
| Address | P.O. BOX 29071<br>GLENDALE, CA 912099071 |

**Amendment Action Information:**

| | |
|---|---|
| Initial Financing Statement File Number | U260035853130 |
| Date Filed | 05/14/2026 |
| Amendment Action | Secured Party Amendment |
| Secured Party Action | Edit Secured Party |

**Edit Secured Party:**

| Secured Party Name | Mailing Address |
|---|---|
| *Changed From:*<br>C T CORPORATION SYSTEM, AS REPRESENTATIVE<br>*Changed To:*<br>C T CORPORATION SYSTEM, AS REPRESENTATIVE OF PARKSIDE FUNDING GROUP, LLC | *Changed From:*<br>330 N BRAND BLVD<br>GLENDALE, CA<br>91203<br>*Changed To:*<br>330 N BRAND BLVD<br>GLENDALE, CA<br>91203 |

**Name of Secured Party of Record Authorizing This Amendment:**

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| | |
|---|---|
| Authorizing Secured Party Name | C T Corporation System, as representative |

**Optional Filer Reference Information:**

110247080

# EXHIBIT 3

Fill in this information to identify the case:

Debtor name **Liberty Behavioral & Community Services Inc.**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) **2:26-bk-20739**

☐ Check if this is an amended filing

# Official Form 206A/B

# Schedule A/B: Assets - Real and Personal Property

**12/15**

**Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).**

**Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.**

**For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.**

## Part 1: Cash and cash equivalents

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.

■ Yes Fill in the information below.

**All cash or cash equivalents owned or controlled by the debtor** — **Current value of debtor's interest**

3. **Checking, savings, money market, or financial brokerage accounts** ***(Identify all)***

| | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
|---|---|---|---|---|
| 3.1. | **Wells Fargo Bank** | **Checking account** | **1827** | **$0.00** |
| 3.2. | **Wells Fargo Bank** | **Checking account** | **0433** | **$0.00** |
| 3.3. | **Wells Fargo Bank** | **Savings account** | **8198** | **$0.00** |
| 3.4. | **Mid First Bank** | **General account** | **9138** | **$31.33** |
| 3.5. | **Mid First Bank** | **Payroll account** | **6813** | **$0.00** |
| 3.6. | **Chase Bank** | **General Account** | **6526** | **$620.00** |

Debtor **Liberty Behavioral & Community Services Inc.** Case number *(If known)* **2:26-bk-20739**
Name

3.7. **Chase Bank** **Payroll account** **7106** **$0.00**

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.** **$651.33**
Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

## Part 2: Deposits and Prepayments

6. **Does the debtor have any deposits or prepayments?**

☐ No. Go to Part 3.
■ Yes Fill in the information below.

7. **Deposits, including security deposits and utility deposits**
Description, including name of holder of deposit

7.1. **Security deposit for all leased locations** **$83,500.00**

8. **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**
Description, including name of holder of prepayment

9. **Total of Part 2.** **$83,500.00**
Add lines 7 through 8. Copy the total to line 81.

## Part 3: Accounts receivable

10. **Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

11a. 90 days old or less: **1,083,447.00** (face amount) - **0.00** (doubtful or uncollectible accounts) = .... **$1,083,447.00**

12. **Total of Part 3.** **$1,083,447.00**
Current value on lines 11a + 11b = line 12. Copy the total to line 82.

## Part 4: Investments

13. **Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

## Part 5: Inventory, excluding agriculture assets

18. **Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

## Part 6: Farming and fishing-related assets (other than titled motor vehicles and land)

27. **Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

Debtor **Liberty Behavioral & Community Services Inc.** Case number *(If known)* **2:26-bk-20739**
Name

■ No. Go to Part 7.
☐ Yes Fill in the information below.

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No. Go to Part 8.
■ Yes Fill in the information below.

| | General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 39. | **Office furniture**<br>Office furniture and fixtures such as desks, computers, chairs, cabinets | $0.00 | Liquidation | $15,000.00 |
| 40. | **Office fixtures**<br>ABA equipment | $0.00 | Liquidation | $6,500.00 |
| 41. | **Office equipment, including all computer equipment and communication systems equipment and software**<br>Computers, phones, copiers, software | $0.00 | Liquidation | $35,000.00 |
| | Leased (2) Xerox PrimeLink C9265 with Production Ready Booklet Maker w/ Hole Punch, C/Z Fold Unit Fiery EX-I, Wifi Kit, 1 Line Fax | Unknown | | Unknown |
| 42. | **Collectibles** *Examples*: Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles | | | |

43. **Total of Part 7.** **$56,500.00**
Add lines 39 through 42. Copy the total to line 86.

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☐ No. Go to Part 9.
■ Yes Fill in the information below.

| General description<br>Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|

Debtor **Liberty Behavioral & Community Services Inc.** Case number *(If known)* **2:26-bk-20739**
Name

47. **Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles**

| | | | | |
|---|---|---|---|---|
| 47.1. | (2) 2015 Dodge Van - $2,400<br>(1) 2016 Dodge Journey - $5,000<br>(1) 2021 Dodge Van - $12,000 | $0.00 | | $19,400.00 |
| 47.2. | Rolls Royce | $0.00 | | $0.00 |
| 47.3. | Mercedes | $0.00 | | $0.00 |

48. **Watercraft, trailers, motors, and related accessories** *Examples:* Boats, trailers, motors, floating homes, personal watercraft, and fishing vessels

49. **Aircraft and accessories**

50. **Other machinery, fixtures, and equipment (excluding farm machinery and equipment)**

51. **Total of Part 8.** **$19,400.00**
Add lines 47 through 50. Copy the total to line 87.

52. **Is a depreciation schedule available for any of the property listed in Part 8?**
■ No
☐ Yes

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
■ No
☐ Yes

**Part 9: Real property**

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

**Part 10: Intangibles and intellectual property**

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| lbcsi.com | $0.00 | | $0.00 |
| 62. **Licenses, franchises, and royalties** | | | |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |

Debtor **Liberty Behavioral & Community Services Inc.** Case number *(If known)* **2:26-bk-20739**
Name

65. **Goodwill**

66. **Total of Part 10.** **$0.00**
Add lines 60 through 65. Copy the total to line 89.

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C.§§ 101(41A) and 107?
■ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
■ No
☐ Yes

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
■ No
☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

■ No. Go to Part 12.
☐ Yes Fill in the information below.

Debtor **Liberty Behavioral & Community Services Inc.** Case number *(If known)* **2:26-bk-20739**
Name

## Part 12: Summary

**In Part 12 copy all of the totals from the earlier parts of the form**

| | Type of property | Current value of personal property | Current value of real property |
|---|---|---|---|
| 80. | **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1* | **$651.33** | |
| 81. | **Deposits and prepayments.** *Copy line 9, Part 2.* | **$83,500.00** | |
| 82. | **Accounts receivable.** *Copy line 12, Part 3.* | **$1,083,447.00** | |
| 83. | **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. | **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| 85. | **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. | **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$56,500.00** | |
| 87. | **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$19,400.00** | |
| 88. | **Real property.** *Copy line 56, Part 9*.....> | | **$0.00** |
| 89. | **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. | **All other assets.** *Copy line 78, Part 11.* | + **$0.00** | |
| 91. | **Total.** Add lines 80 through 90 for each column | **$1,243,498.33** | + 91b. **$0.00** |
| 92. | **Total of all property on Schedule A/B.** Add lines 91a+91b=92 | | **$1,243,498.33** |

# EXHIBIT 4

Fill in this information to identify the case:

Debtor name: Liberty Behavioral & Community Services Inc.

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): 2:26-bk-20739

☐ Check if this is an amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property

12/15

**Be as complete and accurate as possible.**

**1. Do any creditors have claims secured by debtor's property?**

☐ No. Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

■ Yes. Fill in all of the information below.

## Part 1: List Creditors Who Have Secured Claims

2. **List in alphabetical order all creditors who have secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim.

*Column A* **Amount of claim** — Do not deduct the value of collateral.

*Column B* **Value of collateral that supports this claim**

**2.1 Marlin Leasing Corp.**
Creditor's Name

300 Fellowship Rd.
Mount Laurel, NJ 08054
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
7/30/2026

**Last 4 digits of account number**
1123

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**Describe debtor's property that is subject to a lien**
Leased (2) Xerox PrimeLink C9265 with Production Ready Booklet Maker w/ Hole Punch, C/Z Fold Unit Fiery EX-I, Wifi Kit, 1 Line Fax

**Describe the lien**
UCC

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
■ Disputed

Column A: Unknown
Column B: Unknown

**2.2 Mercedes Benz Financial Services**
Creditor's Name

PO Box 5209
Wood Dale, IL 60191
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**

**Last 4 digits of account number**
3001

**Describe debtor's property that is subject to a lien**
Mercedes

**Describe the lien**
Auto

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

Column A: $89,120.00
Column B: $0.00

Debtor **Liberty Behavioral & Community Services Inc.** Case number (if known) **2:26-bk-20739**
Name

**Do multiple creditors have an interest in the same property?**

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.3 NewCo Capital Group LLC**
Creditor's Name

**c/o Piekarski Law**
**17 State Street, Ste 1800**
**New York, NY 10004**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**4/17/2026**

**Last 4 digits of account number**
**9940**

**Describe debtor's property that is subject to a lien** — **$450,000.00** — **$0.00**

**Describe the lien**
**UCC Financing Statement**

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:** Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

**2.4 Parkside Funding Group LLC**
Creditor's Name

**865 Nj-33 Business 3 Unit 192**
**Freehold, NJ 07728**
Creditor's mailing address

Creditor's email address, if known

**Date debt was incurred**
**5/14/2026 and 8/11/2026**

**Last 4 digits of account number**
**5612**

**Describe debtor's property that is subject to a lien** — **$225,000.00** — **$0.00**

**Describe the lien**
**UCC**

**Is the creditor an insider or related party?**
■ No
☐ Yes

**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:** Check all that apply
■ Contingent
■ Unliquidated
■ Disputed

---

**2.5 Rolls Royce Motor Cars Financial Se**
Creditor's Name

**PO Box 78103**
**Phoenix, AZ 85062**
Creditor's mailing address

**Describe debtor's property that is subject to a lien** — **$265,600.00** — **$0.00**
**Rolls Royce**

**Describe the lien**

Debtor **Liberty Behavioral & Community Services Inc.** Case number (if known) **2:26-bk-20739**
Name

Vehicle

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
12/2025

**Last 4 digits of account number**
8933

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
☐ Contingent
☐ Unliquidated
☐ Disputed

---

2.6 **Samson MCA LLC**
Creditor's Name
**c/o Berkovitch & Bouskila, PLLC**
**Attn: Ariel Bouskila, Esq.**
**1545U.S. 202, Ste. 101**
**Pomona, NY 10970**
Creditor's mailing address

**Describe debtor's property that is subject to a lien** — **$900,000.00** — **$0.00**

**Describe the lien**
UCC Financing Statement

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
☐ No
■ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
4/15/2025

**Last 4 digits of account number**
2738

**Do multiple creditors have an interest in the same property?**
■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

**As of the petition filing date, the claim is:**
Check all that apply
■ Contingent
■ Unliquidated
■ Disputed

---

2.7 **Square Funding**
Creditor's Name
**c/o Madeb Law**
**Jack Madeb, Esq.**
**1202 Avenue U #1287**
**Brooklyn, NY 11229**
Creditor's mailing address

**Describe debtor's property that is subject to a lien** — **$1,200,000.00** — **$0.00**

**Describe the lien**
UCC Financing Statement

**Is the creditor an insider or related party?**
■ No
☐ Yes

Creditor's email address, if known

**Is anyone else liable on this claim?**
■ No
☐ Yes. Fill out *Schedule H: Codebtors* (Official Form 206H)

**Date debt was incurred**
3/30/2026

**Last 4 digits of account number**
1121

**Do multiple creditors have an interest in the same property?**

**As of the petition filing date, the claim is:**
Check all that apply

Debtor **Liberty Behavioral & Community Services Inc.** Case number (if known) **2:26-bk-20739**
Name

■ No
☐ Yes. Specify each creditor, including this creditor and its relative priority.

■ Contingent
■ Unliquidated
■ Disputed

3. **Total of the dollar amounts from Part 1, Column A, including the amounts from the Additional Page, if any.** **$3,129,720.00**

## Part 2: List Others to Be Notified for a Debt Already Listed in Part 1

**List in alphabetical order any others who must be notified for a debt already listed in Part 1. Examples of entities that may be listed are collection agencies, assignees of claims listed above, and attorneys for secured creditors.**

**If no others need to notified for the debts listed in Part 1, do not fill out or submit this page. If additional pages are needed, copy this page.**

| Name and address | On which line in Part 1 did you enter the related creditor? | Last 4 digits of account number for this entity |
|---|---|---|
| **Parkside Funding Group LLC**<br>**c/o David Fogel P.C.**<br>**Attn: David Fogel, Esq.**<br>**1225 Franklin Avenue, Ste 522**<br>**Garden City, NY 11530** | Line 2.4 | |