Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Michael S. Kogan (SBN 128500)
KOGAN LAW FIRM, APC
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
mkogan@koganlawfirm.com

☐ *Individual appearing without attorney*
☒ *Attorney for:* Crystal Promotions, Inc.

FOR COURT USE ONLY

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

In re:

LIBERTY BEHAVORIAL & COMMUNITY SERVICES INC.,

Debtor(s).

CASE NO.: 2:26-bk-20739-BR

CHAPTER: 11

**NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY UNDER 11 U.S.C. § 362(l)**
**(with supporting declarations)**
**(UNLAWFUL DETAINER)**

DATE: 12/01/2026
TIME: 10:00 am
COURTROOM: 1668

**Movant**: CRYSTAL PROMOTIONS, INC.

1. **Hearing Location**:

☒ 255 East Temple Street, Los Angeles, CA 90012
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101

2. Notice is given to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the date and time and in the courtroom stated above, Movant will request that this court enter an order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

3. To file a response to the motion, you may obtain an approved court form at www.cacb.uscourts.gov/forms for use in preparing your response (optional LBR form F 4001-1.RFS.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

4. When serving a response to the motion, serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above.

5. If you fail to timely file and serve a written response to the motion, or fail to appear at the hearing, the court may deem such failure as consent to granting of the motion.

6. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1(d). If you wish to oppose this motion, you must file and serve a written response to this motion no later than 14 days before the hearing and appear at the hearing.

7. ☐ This motion is being heard on SHORTENED NOTICE pursuant to LBR 9075-1(b). If you wish to oppose this motion, you must file and serve a response no later than (*date*) __________ and (*time*) __________; and, you may appear at the hearing.

   a. ☐ An application for order setting hearing on shortened notice was not required (according to the calendaring procedures of the assigned judge).

   b. ☐ An application for order setting hearing on shortened notice was filed and was granted by the court and such motion and order have been or are being served upon the Debtor and upon the trustee (if any).

   c. ☐ An application for order setting hearing on shortened notice was filed and remains pending. After the court rules on that application, you will be served with another notice or an order that specifies the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion.

Date: 11/02/2026

Kogan Law Firm, APC
Printed name of law firm (if applicable)

Michael S. Kogan
Printed name of individual Movant or attorney for Movant

/s/Michael S. Kogan
Signature of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY OR FOR ORDER CONFIRMING THAT THE AUTOMATIC STAY DOES NOT APPLY (Unlawful Detainer)

1. **Movant is the:**

   a. ☒ Owner of the Property
   b. ☐ Authorized Agent of the owner of the Property
   c. ☐ Other (*specify*):

2. **The Property at Issue (Property):**

   Type of Property: ☐ Residential ☒ Nonresidential

   *Street Address*: 1820 South Grand Avenue
   *Unit/Suite Number*:
   *City, State, Zip Code*: Los Angeles, California 90015

3. **Bankruptcy Case History:**

   a. ☒ A voluntary ☐ An involuntary petition under chapter ☐ 7 ☒ 11 ☐ 12 ☐ 13 was filed on (*date*): 10/23/2026

   b. ☐ An order to convert this case to chapter ☐ 7 ☐ 11 ☐ 12 ☐ 13 was entered on (*date*):

   c. ☐ A plan was confirmed on (*date*):

4. **Pursuant to 11.U.S.C. § 362(b)(22) and (23) there is no stay because (*check all that apply)*:**

   a. ☐ Movant commenced an eviction, unlawful detainer action or similar proceeding against the Debtor involving residential property in which the Debtor resides and:

   (1) ☐ The Debtor has not filed and served on Movant the certification required under 11 U.S.C. § 362(l)(1).

   (2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the petition.

   (3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

   (4) ☐ Movant filed and served an objection to the Debtor's certification. A copy of the objection is attached as Exhibit _____. A hearing on this objection is set for (*date*) ___________.

5. **Grounds for Relief from Stay:** (*check all that apply*)

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists because, as of the bankruptcy petition date, the Debtor had no right to continued occupancy of the premises, as follows:

   (1) ☐ Movant caused a notice to quit to be served on the Debtor.

   (2) ☒ An unlawful detainer proceeding was commenced on (*date*) 10/21/2026.

   (3) ☐ An unlawful detainer judgment was entered on (*date*) ___________.

(4) ☐ Movant acquired title to the Property by foreclosure sale before the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

(5) ☐ Movant acquired title to the Property by foreclosure sale after the bankruptcy petition was filed and recorded the deed within the period provided by state law for perfection.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(1) the Debtor's right to possession should be terminated because (*check all that apply)*:

(1) ☐ The lease or other right of occupancy expired by its terms on (*date*) ___________.

(2) ☐ The lease has matured, been rejected or deemed rejected by operation of law on (*date*) ___________.

(3) ☒ Lease payments have not been made after the filing of the bankruptcy petition.

(4) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant filed and served upon the Debtor a certification that ☐ such an action was filed or ☐ that within the 30 days preceding the certification, the Debtor has endangered the subject Property or illegally allowed the use of controlled substances on the Property. A copy of Movant's certification is attached as Exhibit _____. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if any, is attached as Exhibit _____. A hearing on this objection is set for (*date*) ___________.

(5) ☒ The bankruptcy case was filed in bad faith:

(A) ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

(B) ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

(C) ☒ The Debtor filed only a few case commencement documents. No schedules or statement of financial affairs (or chapter 13 plan, if appropriate) has been filed.

(D) ☐ There was a recent transfer of all or part ownership of, or other interest in the Property without the consent of the Movant or court approval.

c. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), the Debtor has no equity in the Property; and pursuant to 11 U.S.C. § 362(d)(2)(B), the Property is not necessary to an effective reorganization.

6. **Grounds for Annulment of the Stay.** Movant took postpetition actions against the Property or the Debtor:

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ Other:

7. **Evidence in Support of Motion:** (***Important Note: Declaration(s) in support of the Motion MUST be signed under penalty of perjury and attached to this motion.***)

   a. The UNLAWFUL DETAINER DECLARATION on page 7.

   b. ☒ Supplemental declaration(s).

   c. ☐ Other (*specify*):

**Movant requests the following relief.**

1. Relief from stay pursuant to: ☒ 11 U.S.C. § 362(d)(1) ☒ 11 U.S.C. § 362(d)(2)

2. ☒ Movant (and any successors or assigns) may proceed under applicable nonbankruptcy law to enforce its remedies to obtain possession of the Property.

3. ☐ Confirmation that there is no stay in effect.

4. ☐ The stay is annulled retroactive to the bankruptcy petition date. Any postpetition acts taken by Movant to enforce its remedies regarding the Property shall not constitute a violation of the stay.

5. ☐ The co-debtor stay of 11 U.S.C. § 1201(a) or § 1301(a) is terminated, modified or annulled as to the co-debtor, on the same terms and conditions as to the Debtor.

6. ☒ The 14-day stay prescribed by FRBP 4001(a)(3) is waived.

7. ☒ A designated law enforcement officer may evict the Debtor and any other occupant from the Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this motion:
   ☒ without further notice.
   ☐ upon recording of a copy of the order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

8. ☐ Relief from stay is granted under 11 U.S.C. § 362(d)(4), if the order granting this motion is recorded in compliance with state laws governing notices of interest or liens in real property, the order is binding in any other case under this title purporting to affect the Property filed not later than two years after the date of entry of such order, except that a debtor in a subsequent case under this title may move for relief from the order based upon changed circumstances or for good cause shown, after notice and a hearing.

9. ☐ The order is binding and effective in any bankruptcy case commenced by or against any debtor who claims any interest in the Property for a period of 180 days from the hearing of this Motion:
   ☐ without further notice.
   ☐ upon recording of a copy of this order or giving appropriate notice of its entry in compliance with applicable nonbankruptcy law.

10. ☐ The order is binding in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of such order, except that a debtor in a subsequent case may move for relief from the order based upon changed circumstances or for good cause shown, after notice and hearing.

11. ☐ The order is binding and effective in any bankruptcy case commenced by or against the Debtor for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

12. ☒ If relief from stay is not granted with respect to the Property because the Property is the subject of a lease that may be assumable;

    a. ☐ Establishment of a deadline for assumption or rejection of the lease.

    b. ☒ Adequate protection in the form of regular payments at the lease rate from petition date until assumption or rejection of the lease.

13. ☐ Other relief requested.

Date: 11/02/2026

Kogan Law Firm APC
Print name of law firm (*if applicable*)

Michael S. Kogan
Print name of individual Movant or attorney for Movant (*if applicable*)

/s/Michael S. Kogan
Signature of individual Movant or attorney for Movant

# UNLAWFUL DETAINER DECLARATION

I, (*name of declarant*) Jimmy Ebrahimi, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the Property because (*specify*):

   a. ☐ I am the Movant and owner of the Property.

   b. ☒ I manage the Property as the authorized agent for the Movant.

   c. ☐ I am employed by Movant as (*title and capacity*):

   d. ☐ Other (*specify*):

2. a. ☒ I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

   b. ☐ Other (see attached):

3. The Property is:

   ☐ Residential ☒ Nonresidential

   *Street Address*: 1820 South Grand Avenue
   *Unit/Suite Number*:
   *City, State, Zip Code*: Los Angeles, California 90015

4. Movant is the ☒ legal owner of the Property, or ☐ the owner's legally authorized agent. A true and correct copy of the trustee's deed upon sale, lease, rental agreement, or other document evidencing Movant's interest in the Property is attached as Exhibit "A". A true and correct copy of the applicable document establishing Movant's authority as agent for the owner is attached as Exhibit "A".

5. The Debtor asserts a possessory interest in the Property based upon:

   (1) ☐ a month-to-month tenancy

   (2) ☒ a lease that is in default

   (3) ☐ after a foreclosure sale that was held on (*date*): ___________.

   (4) ☐ other (*specify*):

6. The Debtor failed to pay:

   a. ☒ The monthly rent of $ 45,957.50 beginning on (*date*): 08/01/2026.

b. ☒ Other obligations including:

(1) ☒ Common area maintenance charges

(2) ☒ Property taxes

(3) ☐ Other obligations (*specify*):

7. Procedural status

a. ☐ The lease matured or was rejected on (*date*) ___________:

(1) ☐ by operation of law.

(2) ☐ by order of the court.

b. ☒ Movant caused a notice to quit to be served upon the Debtor on (*date*) 10/09/2026, and a true and correct copy is attached as Exhibit "A".

c. ☒ Before the bankruptcy petition was filed:

(1) ☒ Movant filed a complaint for unlawful detainer against the Debtor on (*date*) 10/21/2026, and a true and correct copy is attached as Exhibit "A".

(2) ☐ Trial was held on (*date*) ___________.

(3) ☐ Trial was continued to (*date*) ___________.

(4) ☐ An unlawful detainer judgment against the Debtor was entered on the complaint for unlawful detainer on (*date*) ___________, and a true and correct copy is attached as Exhibit _____.

(5) ☐ A writ of possession for the Property was issued on (*date*) ___________, and a true and correct copy is attached as Exhibit _____.

d. After the bankruptcy petition was filed:

(1) ☐ The Debtor has not filed and served on the Movant the certification required under 11 U.S.C. § 362(l)(1).

(2) ☐ The Debtor or adult dependent of the Debtor has not deposited with the clerk any rent that would become due during the 30-day period after the filing of the bankruptcy petition.

(3) ☐ The Debtor or adult dependent of the Debtor has not filed and served on the Movant the further certification required under 11 U.S.C. § 362(l)(2) that the entire monetary default that gave rise to the judgment has been cured.

(4) ☐ The Debtor filed and served on the Movant the certification required under 11 U.S.C. § 362(d)(1).

(A) ☐ Movant filed and served an objection a copy of which is attached as Exhibit _____. A hearing on this objection is set for (*date*) ___________.

(B) ☐ Movant has not filed and served an objection.

(5) ☐ An unlawful detainer action was filed to obtain possession of the Property on grounds of endangerment of the Property or because of illegal use of controlled substances on the Property and Movant has filed a certification that ☐ such action was filed or ☐ that the Debtor has endangered the Property within 30 days preceding the certification or allowed the illegal use of controlled substances on the Property. A copy of Movant's certification is attached hereto as Exhibit _______. The Debtor ☐ has ☐ has not filed an objection to Movant's certification. A copy of the Debtor's objection, if filed, is attached as Exhibit ___. A hearing on this objection is set for: ___________.

(6) ☒ Regular lease payments have not been made after the bankruptcy petition was filed.

8. ☒ The Debtor does not have an interest in the Property that could be assumed or assigned under 11 U.S.C. § 365.

9. ☒ The Property is not necessary to an effective reorganization because it is:

a. ☐ Residential, and is not producing income for the Debtor.

b. ☒ Commercial, but no reorganization is reasonably in prospect.

c. ☐ No longer property of the estate.

d. ☐ Other *(specify)*:

10. ☐ The bankruptcy case was filed in bad faith:

a. ☐ Movant is the only creditor or one of few creditors listed in the Debtor's case commencement documents.

b. ☐ Other bankruptcy cases have been filed in which an interest in the Property was asserted.

c. ☐ The Debtor filed only a few case commencement documents. Schedules and a statement of financial affairs (or chapter 13 plan, if appropriate) have not been filed.

d. ☐ Other *(specify)*:

11. ☐ The filing of the bankruptcy petition was part of a scheme to delay, hinder or defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page of facts establishing the scheme.

b. ☐ Multiple bankruptcy cases affecting the Property include:

(1) Case name: ____________________________________
Chapter: _____ Case number: ________________
Date filed: ____________ Date discharged: ____________ Date dismissed: ____________
Relief from stay regarding the Property ☐ was ☐ was not granted.

(2) Case name: ____________________________________
Chapter: _____ Case number: ________________
Date filed: ____________ Date discharged: ____________ Date dismissed: ____________
Relief from stay regarding the Property ☐ was ☐ was not granted.

(3) Case name: ______________________________

Chapter: _____ Case number: ____________________

Date filed: ____________ Date discharged: ____________ Date dismissed: ____________

Relief from stay regarding the Property ☐ was ☐ was not granted.

☐ See attached continuation page for information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for additional facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, or defraud creditors.

12. ☐ Enforcement actions taken after the bankruptcy petition was filed are specified in the attached supplemental declaration(s).

a. ☐ These actions were taken before Movant knew the bankruptcy petition was filed, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Movant knew the bankruptcy case had been filed, but Movant previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting the Property as set forth in Exhibit _____.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/02/2026 | Jimmy Ebrahimi | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

Michael S. Kogan (SBN 128500)
**KOGAN LAW FIRM, APC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, California 90064
Telephone (310) 954-1690
mkogan@koganlawfirm.com

Attorneys for CRYSTAL PROMOTIONS, INC.

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| **In re**<br><br>**LIBERTY BEHAVORIAL & COMMUNITY SERVICES, INC.,**<br><br>**Debtor.** | **Case No. 2:26-bk-20739-BR**<br><br>**Chapter 11**<br><br>**SUPPLEMENT TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND SUPPLEMENTAL DECLARATION OF JIMMY EBRAHIMI IN SUPPORT**<br><br>**Date: December 1, 2026**<br>**Time: 10:00 a.m.**<br>**Place: Courtroom 1668**<br>**255 E. Temple St.**<br>**Los Angeles, CA 90012** |

Crystal Promotions, Inc., a creditor and landlord herein ("**Crystal**" or "**Landlord**"), in the bankruptcy case of Liberty Behavioral & Community Services, Inc. (the "**Debtor**" or "**Liberty Behavioral**") the debtor and debtor in possession herein, hereby files its Supplement to Motion for Relief from Automatic Stay ("**Supplement**") and Supplemental Declaration of Jimmy Ebrahimi ("**Declaration Ebrahimi**") to support its Motion for Relief from Automatic Stay under 11 U.S.C. § 362 (Unlawful Detainer) (the "**Motion**"), and Landlord where appropriate incorporates herein its previous facts and arguments in the Motion.

## I.

## INTRODUCTION AND FACTS

In the Motion, Landlord requests modification of the automatic stay under 11 U.S.C. § 362(d)(1) to permit continued prosecution of the unlawful detainer action concerning 1820 South Grand Avenue, Los Angeles, California 90015 (the "**Premises**" or "**Property**"), through determination of possession and, enforcement of a possession judgment. The State Court Unlawful Detainer Action is entitled **Crystal Promotions, Inc. v. Liberty Behavioral & Community Services, Inc.**, Los Angeles Superior Court (Case No. 26STCV33217) ("**State Court Unlawful Detainer Action**"). Landlord seeks no authority to collect a monetary judgment from the Debtor or property of the bankruptcy estate through this Motion. Any liquidation of monetary damages remains subject to the Bankruptcy Court's control of allowance, priority, distribution, and collection.

The documented commercial lease, a prepetition rent demand electing forfeiture, and the prepetition commencement of the State Court Unlawful Detainer Action establish cause to let the State Court resolve possession. Further, the continuing unpaid rent obligations supports relief from the stay or payment conditions imposed by the Bankruptcy Court.

## II.

## PROCEDURAL BACKGROUND

The **State Court Unlawful Detainer Action** attached hereto and incorporated herein by this reference as Exhibit "A" contains (1) the UD-100 Complaint; (2) a separate corporate verification that Jimmy Ebrahimi is an officer of Crystal; (3) the "**Retail Lease**", including its exhibits; (4) the October 9, 2026 Three Day Notice; and (5) Robert Hall's declaration of service.

The Retail Lease names Crystal Promotions, Inc. as landlord and Liberty Behavioral & Community Services, Inc. as tenant. It is dated as of January 1, 2025, and identifies Jimmy Ebrahimi as Vice President and authorized representative of the Landlord. The Retail Lease is a 10 year term, with two five-year options. The permitted use is an adult day behavioral and mental services program and community services for adults with intellectual and developmental disabilities.

The Lease Summary specifies initial monthly base rent of $45,957.50. Article 3 requires payment on the first day of the month and provides three percent annual adjustments tied to lease years. Thus, the monthly rate increased to $47,336.22 on October 1, 2026. The October 9 Three Day Notice demands estimated unpaid base rent of $139,251.22: $45,957.50 for August, $45,957.50 for September, and $47,336.22 for October 2026. Robert Hall's October 14 Declaration of Service states that, after an unsuccessful attempt at personal service at 2:37 p.m. on October 9, 2026, he posted and mailed the notice that day because no person of suitable age or discretion was found.

The State Court Unlawful Detainer Action provides expiration of the Three day Notice on October 14, noncompliance, $139,251.22 in unpaid rent, and fair rental value of $1,577.87 daily beginning November 1. The Complaint further states that:

> Defendant willfully continues to occupy the premises with knowledge that they no longer have the right to do so, after failing to pay rent for three months, and making false representations that they would make the overdue payments.
>
> Defendants failed to pay rent due August 1, 2026, September 1, 2026, and October 1, 2026. They repeatedly promised to promptly pay all outstanding rent and provided payment.
>
> As a material inducement for Plaintiffto enter into the Commercial Lease with Defendants, Defendants expressly represented and warranted that their financial condition was sufficient to enable them to pay all rent that would come due and payable under the Commercial Lease. That statement was false.
>
> On or about September 10, 2026, Defendant issued check number 1529 in the sum of $45,957.50, knowing that there were insufficient funds to cover the check. When the check was deposited with Plaintiffs bank, it was returned as there were not sufficient funds in Defendant's account. A subsequent attempt to cash the check was again rejected for insufficient funds.
>
> On September 11, 2026, Defendant delivered four separate checks in the sums of $5,957.50, $10,000, $10,000 and $10,000 to cover the rent for August 2026.

Defendant advised that it would inform Plaintiff when there were sufficient funds in the account to cover each of the four checks. There were never sufficient funds. Defendant provided these checks to Plaintiff knowing there would never be sufficient funds for these checks.

Defendant continues to willfully occupy the premises with the knowledge that it no longer has the right to do so.

Defendant is maliciously remaining in possession of the Premises without paying rent thereby warranting the award of statutory penalties.

The State Court Unlawful Detainer Action began October 21, 2026, and the Debtor filed a voluntary Chapter 11 petition October 23, 2026. The Debtor has made no post-petition rent payments for the months of October 2026 and November 2026 to the Landlord.

**III.**

**RELIEF FROM STAY IS APPROPRIATE**

Under § 362(d)(1), cause exists to grant relief herein based upon the circumstances. Benedor Corp. v. Conejo Enterprises, Inc. (In re Conejo Enterprises, Inc.), 96 F.3d 346, 351–53 (9th Cir. 1996). The established circumstances justify state court adjudication of possession. California Code of Civil Procedure § 1161(2) authorizes unlawful detainer after a rent default and legally sufficient notice to pay or surrender possession. Section 1162(b) governs service on a commercial tenant, including posting and mailing when reasonable diligence fails to locate a person of suitable age or discretion at the rental property. The Three Day Notice identifies the months, amounts, payee, and payment recipient; Robert Hall's Declaration of Service supplies a particular account of posting and mailing. These documents provide a concrete basis for a possession claim.

The Lease cannot be assumed or assigned by the Bankruptcy estate. Vanderpark Properties, Inc. v. Buchbinder (In re Windmill Farms, Inc.), 841 F.2d 1467, 1469–72 (9th Cir. 1988), is directly relevant to the Lease. Windmill Farms, establishes that a commercial lease terminated under state law prior to a bankruptcy filing does not become property of the bankruptcy estate. Consequently, the Lease cannot be assumed or assigned by the Debtor. Further, under Windmill Farms, property interests in bankruptcy are created and defined by state law. Under California Code of Civil Procedure § 1161 and Civil Code § 1951.1, a lease terminates *upon the filing* of an unlawful detainer action following a properly served three day notice that elects

forfeiture. A final judgment is not required to effectuate termination. Because the Lease effectively terminated before the bankruptcy petition was filed, the Debtor holds no legal or equitable interest in the Lease at the time of filing. Under 11 U.S.C. § 541, the estate only succeeds to the Debtor's existing rights, and the Lease cannot be assumed or assigned by the Debtor.

The October 9 Three Day Notice, the failure to cure by October 14, and the October 21 filing of the State Court Unlawful Detainer Action, support Landlord's position that termination occurred before the filing of the bankruptcy petition by the Debtor on October 23. Kronemyer v. American Contractors Indemnity Co. (In re Kronemyer), 405 B.R. 915, 921–22 (9th Cir. BAP 2009), identifies the Curtis factors as appropriate, nonexclusive considerations when deciding whether litigation should proceed elsewhere. The relevant considerations here are the extent to which the State Court Unlawful Detainer Action will resolve possession, the cost and duplication of proceedings, prejudice to creditors, and the practical balance of hardship.

The State Court Unlawful Detainer Action presents the identified Lease, notice, and the Premises address. Allowing the parties to litigate those issues there can determine who is entitled to possession without requiring the Bankruptcy Court to conduct a second unlawful detainer trial. The California court can consider the Debtor's defenses. Landlord's requested restriction on monetary enforcement preserves the Bankruptcy Court's supervision of estate assets. The relief would settle a presently disputed possessory relationship rather than authorize unrestricted execution on the Debtor's other business assets.

**The Bankruptcy Court should also consider the effect on reorganization. The Debtor has stated in its Motion for Use of Cash Collateral (Doc # 6) that it would not be using the Premises for the operation of its business, as it has other business locations.**

If the Lease remained unexpired, § 365(d)(3) requires timely performance of postpetition obligations until assumption or rejection, subject to the statute's limited extension provision. Cukierman v. Uecker (In re Cukierman), 265 F.3d 846, 850–51 (9th Cir. 2001), applies that requirement broadly to obligations under a qualifying lease rather than limiting them to the reasonable value of actual use. Thus, if the Debtor wishes to remain and use the Premises it must pay the postpetition rent obligations of $47,336.22 for October 2026 and $47,336.22 for November 2026 for a total of $94,672.44, and monthly rent thereafter. Landlord requests continuation of the stay conditioned on timely performance of established Lease obligations and an accounting of sums actually due.

## VI.

## CONCLUSION

For the foregoing reasons, the Court should grant the Motion.

DATED: November 3, 2026 Respectfully Submitted,

By: /s/Michael S. Kogan
MICHAEL S. KOGAN
Attorneys for Crystal Promotions, Inc.

# DECLARATION OF JIMMY EBRAHIMI

I, Jimmy Ebrahimi, declare:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Crystal Promotions, Inc. ("**Crystal**" or "**Landlord**" or "**Movant**"), the movant herein and the owner of 1820 South Grand Avenue, Los Angeles, California 90015 (the "**Premises**" or "**Property**"). I manage the Property and I am an officer of Landlord. I make this declaration of my own personal knowledge in support of the **Supplement** to Motion for Relief from Automatic Stay (Unlawful Detainer) (the "**Motion**"). If called as a witness to do so. In preparation of this declaration, I have reviewed various documents that have been filed with the bankruptcy court. If any facts are based upon information and belief, I so state.

2. I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to the rental of this Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. Exhibit "A" is a true and correct copy of the 63-page State Court Unlawful Detainer Action entitled **Crystal Promotions, Inc. v. Liberty Behavioral & Community Services, Inc.**, Los Angeles Superior Court (Case No. 26STCV33217) ("**State Court Unlawful Detainer Action**"), provided to support this Motion. I recognize the State Court Unlawful Detainer Action, my October 20, 2026 corporate verification, the Retail Lease and its exhibits, the October 9, 2026 Three day Notice, and the accompanying service declaration.

4. The State Court Unlawful Detainer Action and the verification identify the Plaintiff as Crystal Promotions, Inc. The Retail Lease and Three day Notice also name Crystal Promotions, Inc. The Movant in the Motion is also Crystal Productions, Inc.

5. The Retail Lease (Exhibit "A"), identifies Crystal Promotions, Inc. as landlord and Liberty Behavioral & Community Services, Inc. as tenant. I recognize my signature on the lease signature page, which identifies my office at execution as Vice President and displays an execution date of December 20, 2024. The lease is dated as of January 1, 2025.

6. The Lease Summary describes the entire property at 1820 South Grand Avenue, including an approximately 29,650-square-foot building, and states a ten year term. It identifies initial monthly base rent of $45,957.50 which increased to $47,336.22 in October 2026. The State Court Unlawful Detainer Action states that monthly base rent increased to $47,336.22 on October 1, 2026.

7. The Tree Day Notice states an estimated base rent demand of $139,251.22, consisting of $45,957.50 for August 2026, $45,957.50 for September 2026, and $47,336.22 for October 2026. The total stated in the Three Day Notice equals the sum of those three amounts. It also states an election of forfeiture if the notice is not timely satisfied.

8. The service declaration, is made in the name of Robert Hall and is dated October 14, 2026. It describes attempted personal service, posting, and mailing on October 9, 2026. I identify that document as part of the State Court Unlawful Detainer Action.

9. I signed the corporate verification dated October 20, 2026. That verification identifies me as Secretary and CFO of Crystal Promotions, Inc.

10. The complaint seeks possession, unpaid rent, fees and costs, forfeiture, daily damages beginning November 1, 2026, and statutory damages.

11. The State Court Unlawful Detainer Action provides expiration of the Three day Notice on October 14, noncompliance, $139,251.22 in unpaid rent, and fair rental value of $1,577.87 daily beginning November 1. The Complaint further states that:

> Defendant willfully continues to occupy the premises with knowledge that they no longer have the right to do so, after failing to pay rent for three months, and making false representations that they would make the overdue payments.
>
> Defendants failed to pay rent due August 1, 2026, September 1, 2026, and October 1, 2026. They repeatedly promised to promptly pay all outstanding rent and provided payment.
>
> As a material inducement for Plaintiff to enter into the Commercial Lease with Defendants, Defendants expressly represented and warranted that their financial condition was sufficient to enable them to pay all rent that would come due and payable under the Commercial Lease. That statement was false.

On or about September 10, 2026, Defendant issued check number 1529 in the sum of $45,957.50, knowing that there were insufficient funds to cover the check. When the check was deposited with Plaintiffs bank, it was returned as there were not sufficient funds in Defendant's account. A subsequent attempt to cash the check was again rejected for insufficient funds.

On September 11, 2026, Defendant delivered four separate checks in the sums of $5,957.50, $10,000, $10,000 and $10,000 to cover the rent for August 2026. Defendant advised that it would inform Plaintiff when there were sufficient funds in the account to cover each of the four checks. There were never sufficient funds. Defendant provided these checks to Plaintiff knowing there would never be sufficient funds for these checks.

Defendant continues to willfully occupy the premises with the knowledge that it no longer has the right to do so.

Defendant is maliciously remaining in possession of the Premises without paying rent thereby warranting the award of statutory penalties.

12. The State Court Unlawful Detainer Action began October 21, 2026, and the Debtor filed a voluntary Chapter 11 petition October 23, 2026. The Debtor has made no post-petition rent payments for the months of October 2026 and November 2026 to the Landlord.

I declare under penalty of perjury, under the laws of the United States of America that the foregoing is true and correct.

Executed this 3rd day of November, 2026, at Los Angeles, California.

Jimmy Ebrahimi